UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARENT AND GUARDIAN "SML" ON BEHALF OF MINOR SON "JM" ("STUDENT") ("SML EX REL JM"),<br><br>Plaintiff,<br><br>v.<br><br>MILLER CREEK SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 22-cv-06105-DMR<br><br>**ORDER DENYING MOTION TO SUBSTITUTE GUARDIAN AD LITEM WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 32 |

On October 17, 2022, Plaintiff S.M.L. filed a complaint on behalf of her son J.M. She seeks declaratory judgment in connection with California Education Code § 56366 (first claim), appeals two adverse administrative hearing decisions pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (second and third claims), and alleges state law claims for negligence (fourth claim against Defendant Miller Creek School District ("District")) and breach of contract (fifth claim against Defendant Anova Education and Behavior Consultation, Inc., doing business as Anova Center for Education ("Anova")). [Docket No. 7 (First Amended Complaint ("FAC")).]

On January 18, 2023, the court bifurcated this matter at the parties' request, instructing that "the IDEA appeal . . . will be adjudicated first." [Docket No. 24.] Accordingly, Plaintiff moved for partial summary judgment on March 7, 2023, appealing the July 21, 2022 and September 6, 2022 administrative decisions. [Docket No. 25.]

On May 22, 2023, Plaintiff moved to substitute S.M.L. as J.M.'s guardian ad litem. [Docket No. 32.] The District and Anova each oppose that motion. [Docket Nos. 34, 35.]

The parties' briefs on the motion to substitute the guardian ad litem raise issues that must

be resolved before this case can move forward.  Accordingly, **the June 8, 2023 hearing on Plaintiff's partial motion for summary judgment on the IDEA claims and the case management conference are VACATED and will be reset at a later date**.  **As explained below, the motion to substitute the guardian ad litem is denied without prejudice and the July 13, 2023 hearing on that motion is VACATED.  The court orders the filing of a new motion, described below.  The court will reset a hearing at a later date on that motion, if appropriate.**

        The FAC was filed by S.M.L. on behalf of minor J.M.  The FAC does not contain any allegations clarifying whether S.M.L. brings this suit in her own capacity and asserts claims as a parent, and/or whether she seeks to enforce J.M.'s rights.  *See Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007) ("We conclude IDEA grants parents independent, enforceable rights.  These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child.").  The court does not want to make assumptions about this and S.M.L. and J.M. have been far from clear on this point.

        If S.M.L. is solely asserting J.M.'s rights in this lawsuit, she should have filed a motion to be appointed as J.M.'s guardian ad litem when the case was initiated.  Federal Rule of Civil Procedure 17 governs the capacity of parties to sue or be sued.  The rule directs courts to look to the law of the state of the individual's domicile to determine whether a party has capacity to participate as a party in the litigation. Fed. R. Civ. P. 17(b)(1).  In California, an individual under the age of eighteen is a minor.  Cal. Fam. Code § 6502.  Under Rule 17, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).  "[A] district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting Fed. R. Civ. P. 17(c)).

        S.M.L. must now go back to address this foundational issue by filing a motion for appointment as J.M.'s guardian ad litem to establish that it was appropriate for her to represent

J.M.'s interests up to this point. To the extent R.M. now wishes to substitute for S.M.L. as guardian ad litem for J.M., Plaintiff may also file a separate motion for substitution. In both motions, Plaintiff must establish that "the proposed guardian ad litem is truly dedicated to the best interests of the minor and addresses whether there is any conflict of interest between the minor and the proposed guardian ad litem." *Garcia v. City of Fresno*, No. 116CV01340LJOSAB, 2017 WL 6383814, at *4 n.7 (E.D. Cal. Dec. 14, 2017). The motion for appointment, as well as any motion for substitution, must provide evidence supporting a finding that S.M.L. and R.M. are proper guardians ad litem for J.M. in this case.

Plaintiff shall also address the District's suggestion that a minor's guardian ad litem in an IDEA appeal must hold the minor's educational rights. [*See* Docket No. 35 at 3.] Plaintiff shall provide authority in support of her position. If Plaintiff agrees with the District's contention, she must file evidence establishing the status of J.M.'s educational rights since October 17, 2022.

To summarize: Plaintiff's motion to substitute S.M.L. as J.M.'s guardian ad litem is denied without prejudice. By **June 20, 2023**, Plaintiff must file a motion supported by admissible evidence establishing that it was appropriate for S.M.L. to act as guardian ad litem for J.M. up to this point. As part of that filing, Plaintiff shall brief the issue of whether a minor's guardian ad litem in an IDEA appeal must hold the minor's educational rights, along with the evidence described in the immediately preceding paragraph. The brief must include legal authority. **By the same deadline,** Plaintiff may file a new motion to substitute R.M. as guardian ad litem, supported by admissible evidence. The timing of Defendants' opposition briefs shall be governed by the Civil Local Rules.

**IT IS SO ORDERED.**

Dated: June 7, 2023

Donna M. Ryu
Chief Magistrate Judge