UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARENT AND GUARDIAN "SML" ON BEHALF OF MINOR SON "JM" ("STUDENT") ("SML EX REL JM"),<br><br>Plaintiff,<br><br>v.<br><br>MILLER CREEK SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 22-cv-06105-DMR<br><br>**ORDER ON DOCKET NOS. 37, 38** |

When Plaintiff filed the complaint, S.M.L. failed to move for a court order appointing her as guardian ad litem for Plaintiff J.M.[1] This deficiency came to the court's attention when Plaintiff later filed a motion to substitute the guardian ad litem. [Docket No. 32.] In order to address Plaintiff's original deficiency before ruling on the motion to substitute the guardian ad litem, the court ordered Plaintiff to file a motion pursuant to Federal Rule of Civil Procedure 17, supported by admissible evidence, establishing that S.M.L. was qualified to act as guardian ad litem for J.M. from the filing of the complaint up to the point of the requested substitution. [Docket No. 36.] By the same deadline, Plaintiff was ordered to file a new motion to substitute the guardian ad litem, supported by admissible evidence. *Id.* In response, Plaintiff filed two motions, described below. [Docket Nos. 37, 38.] Defendant Miller Creek School District

---

[1] Plaintiff's styling of the complaint also created confusion on the docket, which shows S.M.L. as the sole plaintiff appearing on behalf of minor J.M. In its June 7, 2023 order, the court directed Plaintiff's counsel to clarify whether S.M.L. brought this suit in her own capacity and asserted claims as a parent, and/or whether she sought to enforce J.M.'s rights. [Docket No. 36 at 2.] Counsel has since confirmed that S.M.L. only seeks to enforce J.M.'s rights. [*See* Docket No. 37 at 9 (noting that S.M.L.'s declaration confirms that "this lawsuit is for JM's cause only and not for any causes of action for herself"). Accordingly, the docket shall be altered to reflect that J.M. is the sole plaintiff in this case, appearing through a guardian ad litem.

("District") responded to the motions, *see* Docket No. 39, and Defendant Anova Education and Behavior Consultation, Inc., doing business as Anova Center for Education ("Anova") joined in the District's response. [Docket No. 40.]

Plaintiff's first motion, styled as "Plaintiff's Motion to Request Court Validation that SML was an Appropriate Guardian Ad Litem from Inception of this Lawsuit to the Present," does not ask the court to appoint S.M.L. as J.M.'s guardian ad litem. [*See* Docket No. 37.] Instead, Plaintiff asserts that S.M.L. has always been J.M.'s guardian ad litem and does not require an order from this court appointing her as such. *Id.* at 9 (arguing that J.M. does not require a guardian ad litem in this IDEA appeal because "Congress gave him the right to sue on his own"); [*see also* Docket No. 37-2 (declaration of S.M.L. stating that she has been J.M.'s guardian ad litem since October 17, 2022).] On reply, Plaintiff reasserts that J.M. is his own "party." [*See* Docket No. 41 at 2.]

Plaintiff's first motion fundamentally misunderstands the court's order. The court did not direct Plaintiff to demonstrate that J.M. can bring a civil action pursuant to 20 U.S.C. § 1415(i)(2). Instead, the court ordered Plaintiff to establish, pursuant to Rule 17, that S.M.L. was qualified to act as J.M.'s guardian ad litem from the filing of the case up to the point of the requested substitution. As the court explained in its order, Rule 17 governs the capacity of parties to sue or be sued. [Docket No. 36 at 2.] *See Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1183 (S.D. Fla.), *aff'd sub nom. Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000) (the "capacity doctrine speaks to a party's 'legal qualification, *such as legal age*, that determines one's ability to sue or be sued . . ..") (emphasis in original) (quoting Black's Law Dictionary 199 (7th ed.1999)). Under Rule 17, "a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting Fed. R. Civ. P. 17(c)).

**Accordingly, by August 11, 2023, Plaintiff is ordered to file a retroactive application for appointment of S.M.L. as guardian ad litem, accompanied by a written declaration by S.M.L. establishing that, pursuant to Rule 17, she was independent and able to act in the best interests of J.M. for the period between the filing of the complaint through the date Plaintiff**

**filed a motion to substitute the guardian ad litem.** *See Watson v. Cnty. of Santa Clara*, **468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007).** This filing may not contain any information or argument beyond what the court has specifically requested.

Plaintiff's second motion seeks to substitute one of two individuals as guardian ad litem for S.M.L. [Docket No. 38.] The first individual is R.M., Plaintiff's paternal grandmother. The second individual is P.M., Plaintiff's father. Plaintiff submitted declarations by R.M. and P.M. in support of his motion to substitute S.M.L. as J.M.'s guardian ad litem. Defendants acknowledge that P.M. appears to meet the qualifications to be appointed as J.M.'s guardian ad litem. [Docket No. 39 at 3.] They request that Plaintiff's alternative request to substitute R.M. be denied because P.M. has superior legal status as a biological parent, is local to the Bay Area, and claims to currently hold the educational rights for J.M. *Id.*

The court agrees with Defendants. "Typically, the next friend or guardian ad litem who sues on behalf of a minor is that minor's parent." *Reed v. City of Modesto*, No. 1:11-CV-1083 AWI GSA, 2013 WL 1759611, at *1 (E.D. Cal. Apr. 24, 2013) (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1351–53 (11th Cir. 2000)). Plaintiff does not provide any reason why R.M. should be appointed in P.M.'s stead. In addition, the nature of the complaint and the record before the court evince no actual or potential conflicts of interest between P.M. and J.M.

Accordingly, the court appoints P.M. as guardian ad litem for J.M from this date forward. As this matter is suitable for determination without oral argument, the August 24, 2023 hearing is vacated. [*See* Docket No. 42.]

**IT IS SO ORDERED.**

Dated: August 4, 2023

Donna M. Ryu
Chief Magistrate Judge