UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILLER CREEK SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-06105-DMR<br><br>**ORDER GRANTING APPLICATION FOR RETROACTIVE APPOINTMENT OF GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 44 |

　　　　Pending before the court is Plaintiff J.M.'s application to retroactively appoint S.M.L. as J.M.'s guardian ad litem from the filing of the case through the date Plaintiff filed a motion to substitute the guardian ad litem. [Docket No. 44.]

　　　　Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's "[c]apacity to sue or be sued" is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Under California law, "a minor who is a party in a lawsuit must appear by a guardian ad litem appointed by the court in which the action or proceeding is pending." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 46 (2007) (citation and quotation marks omitted). "The purpose of a guardian ad litem is to protect the minor's interests in the litigation." *Williams*, 147 Cal. App. 4th at 47. An individual under the age of eighteen is a minor. Cal. Fam. Code § 6502(a)(2).

　　　　In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Civ. Proc. § 372(b)(1). "Typically, the next friend or guardian ad litem who sues on behalf of a minor is that minor's parent." *Reed v. City of Modesto*, No. 1:11-CV-1083 AWI GSA, 2013 WL

1759611, at *1 (E.D. Cal. Apr. 24, 2013) (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1351–53 (11th Cir. 2000)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 147 Cal. App. 4th at 49.

Here, S.M.L. asserts that she is J.M.'s mother and was independent and able to act in J.M.'s best interest from the filing of the complaint through the date Plaintiff filed a motion to substitute the guardian ad litem. [Docket No. 44 at 2 (S.M.L. Decl. ¶ 2).] The record reveals no actual or potential conflicts of interest between S.M.L. and J.M. In addition, Defendants have not objected to Plaintiff's application and the time for objections has passed.

Accordingly, Plaintiff's application to retroactively appoint S.M.L. as J.M.'s guardian ad litem from the filing of the case through the date Plaintiff filed a motion to substitute the guardian ad litem is granted. The court resets the hearing on Plaintiff's partial motion for summary judgment (Docket No. 25) and the case management conference to 10/12/2023 at 1:00 p.m. via Zoom. The parties shall file an updated joint case management conference statement by 10/5/2023.

**IT IS SO ORDERED.**

Dated: August 18, 2023

Donna M. Ryu
Chief Magistrate Judge